**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

URANGESELLSCHAFT MBH,

        Petitioner,

v.

NYNCO TRADING LTD.,

        Respondent.

Civil Action No. 23 cv 7713

---

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioner, Urangesellschaft mbH ("UG"), by and through its attorneys, respectfully seeks an order pursuant to 9 U.S.C. §§ 9 and 207 confirming the Final Award dated February 1, 2021 (the "Final Award") in the arbitration captioned *Unrangesellschaft GmbH (Germany)* v. *Nynco Trading LTD (U.S.A.)*, ICC No. 23069/GR (the "Arbitration") and entering judgment against Respondent Nynco Trading Ltd. ("Nynco") (i) recognizing and confirming the Final Award; (ii) entering judgment in favor of Petitioner and against Respondent in the amount of (a) $5,945,662.71 plus €115,000.00 (such latter amount in Euros to be calculated in U.S. dollars, converted from Euros, on the date of judgment); (iii) awarding post-award interest as provided by law; (iv) awarding Petitioner attorneys' fees and other expenses incurred in connection with this action, and (v) awarding Petitioner such other and further relief as the Court deems just and proper.

## PARTIES

1.      Petitioner UG is a company organized and existing under the laws of Germany. UG has its registered office at Solmsstrasse 12, D-60486 Frankfurt am Main, Germany. UG is active in the field of uranium trading.

2.      Respondent Nynco is a company organized and existing under the laws of U.S. Nynco has its registered office at 60 E 42nd St Ste 417, New York, New York 10165-0471. Nynco is also active in the field of uranium trading.

## JURISDICTION AND VENUE

1.      Petitioner seeks confirmation of the Final Award, which resulted from an arbitration between UG and Nynco in Lausanne, Switzerland administered by the International Court of Arbitration of the International Chamber of Commerce ("ICC") under ICC rules and laws of Switzerland.

2.      This Court has original subject matter jurisdiction pursuant to 9 U.S.C. §§ 202 and 203, which vests the federal district courts with original jurisdiction over a proceeding falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 ("New York Convention"). Germany and United States are signatories to the New York Convention and the Final Award arises out of a commercial transaction that falls under the New York Convention.

3.      This Court also has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (a) which vests the federal district courts with original jurisdiction over any civil action where the matter is controversy exceeds the sum or value of $75,000 and is between citizens of different states.

4.      This Court has personal jurisdiction because Respondent is a New York resident.

5.      Venue is proper in this Court pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

6.      UG and Nynco are parties to an agreement, the Contract for the Sale of 940,000 kg Uranium as Natural Uranium Ore Concentrate between Nynco and UG ("U/N Contract")

concerning the sale and purchase of uranium octoxide ("U3O8") destined for a plant in Argentina owned by a third party, Dioxitek S.A. ("Dioxitek").

7.      On March 19 and 21, 2012, the parties signed the U/N Contract pursuant to which UG would sell and deliver, and Nynco would purchase, take delivery and pay for 940,000 kg of U3O8 over a five-year period from 2012 to 2016.

8.      On March 19 and April 12, 2021, Nynco and Dioxitek signed an agreement, the Contract for the Sale of 940,000 kg Uranium as Natural Uranium Ore Concentrate between Dioxitek and Nynco, pursuant to which Nynco would sell and deliver, and Dioxitek would purchase, take delivery and pay for 940,000 kg of U3O8 over a five-year period from 2012 to 2016 ("N/D Contract").

9.      True and correct copies of these agreements are attached as Exhibits 2 and 3 to the accompanying Declaration of Anthony M. Candido dated August 30, 2023 ("Candido Declaration" or "Candido Decl."). (*See* Candido Decl. ¶ 8.)

10.      Both agreements include an arbitration clause. Article 16 of both agreements provide in identical terms as follows:

> This Contract shall be governed by and construed in accordance with the substantive law of Switzerland without regard to principles of law that might make the law of some other jurisdiction applicable (conflict of laws). The Parties shall endeavor to settle any dispute arising from the execution of or in connection with this Contract amicably. In the event that either the Seller or the Buyer declare by written notice specifying such dispute that an agreement could not be reached within a reasonable timeframe, any dispute, controversy or claim arising out of or relating to this Contract or the breach, termination or invalidity hereof, shall be exclusively settled by arbitration under the Rules of Arbitration of the International Chamber of Commerce (the "Rules") by one arbitrator appointed in accordance with the said Rules excluding, however, in any event whatsoever, any procedures as to discovery.

The place of arbitration shall be Lausanne, Switzerland. The language to be used in the arbitral proceedings shall be English.

The arbitral award shall be final and binding upon all Parties. All costs and expenses incurred in connection with any arbitral proceedings hereunder shall be borne by the losing Party, except as otherwise provided in the arbitral award.

11.     The parties performed the U/N Contract in satisfactory manner from 2012 to 2015. Starting from the summer of 2016, Dioxitek informed Nynco that its plant was closed by the local municipality, which prevented Dioxitek from producing or selling uranium dioxide.  Nynco then requested the scheduled delivery under the U/N Contract to be postponed.

12.     Between July and September 2016, Nynco made partial payments to UG and $3,556,862.48 remains outstanding.

13.     In November and December 2016, UG sent letters to Nynco stating that Nynco's non-performance was causing serious loss and damage to UG.

14.     In May 2017, Dioxitek informed Nynco through a letter that it would not take further deliveries of U3O8 and proposed to terminate the N/D Contract.  Nynco forwarded this letter to UG.

15.     On June 9, 2017, UG sent a formal notice to Nynco requesting Nynco to pay the outstanding invoices and for UG's loss and damages.

16.     On September 1, 2017, UG sent Nynco a notice of failure to reach an amicable agreement.

17.     On September 5, 2017, UG commenced the Arbitration.

18.     On March 1, 2018, the parties agreed to jointly nominate Prof. Sébastien Besson as the Sole Arbitrator.

19.     Over the course of the next three years, the parties engaged in discovery and multiple written submissions of evidence and arguments to the Sole Arbitrator.

20.     The proceeding consisted of two phases.  The first phase concluded on March 28, 2019 and the Sole Arbitrator issued the Partial Award dated April 18, 2019, dismissing Nynco's request for joinder and declaring that he did not have jurisdiction over Dioxitek.

21.     The second phase concluded on December 23, 2020.  Due to the COVID-19 pandemic, the originally scheduled hearing was cancelled, and the parties did not request to reschedule the hearing.  The Sole Arbitrator informed the parties that he would commence the preparation of the Final Award on October 21, 2020 and issued the Final Award in favor of UG on February 1, 2021.

22.     The Final Award orders Nynco to pay UG a total of (i) $4,094,710.39 consisting of (a) $3,556,862.48 awarded to UG as outstanding payment by Nynco, and (b) $537,847,91 as pre-award interest at the rate of 3.3289% per annum for the period from July 19, 2016 to the date of the Final Award, (ii) $1,793,872.32 for the damages suffered by UG due to Nynco's non-performance, (iii) $57,080 as the reimbursement of UG's arbitration costs; and (iv) €115,000.00 for the legal fees and expenses incurred by UG.  A true and correct copy of the Final Award is attached as Exhibit 1 to the Candido Declaration.  (*See* Candido Decl. ¶ 3.)

23.      Nynco has not made any payment to UG pursuant to the Final Award.

24.     The total amount of the Final Award is $5,945,662.71 plus €115,000.00.  Post-award interest should be calculated by applying the statutory interest rate of nine percent per annum from C.P.L.R. 5004 to the award amount, running from the date of the Final Award.  Based on a 365-day year, the interest per diem is $1466.05 and €28.36.  From February 2, 2021 through

August 30, 2023, the number of days is 940.  Accordingly, the total amount of post-award interest as of August 30, 2023 would be $1,378,087.00 and €26,658.40.

### REQUEST FOR RELIEF

25.    Article III of the New York Convention requires every signatory state to recognize arbitral awards as binding and to enforce them in accordance with the enforcing state's own procedural rules.

26.    The United States implements the New York Convention through section 207 of the Federal Arbitration Act ("FAA"), which provides that, upon application by any party to an arbitral award under the New York Convention, a court "shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention."  9 U.S.C. § 207.  An application to confirm an award under section 207 of the FAA must be filed within three years of the date of the award.

27.    No grounds exist for vacation, modification or correction of the Final Award.

28.    As the prevailing party in the Arbitration, UG is entitled to post-award interest upon confirmation of the award.  *See Board of Educ. of Cent. School Dist. No. 1 of Towns of Niagara, Wheatfield, Lewiston & Cambria v. Niagara–Wheatfield Teachers Assn.*, 46 N.Y.2d 553, 558 ("[U]pon confirmation of an arbitrator's award, interest should be provided from the date of the award.").  The statutory interest rate is nine percent per annum.  C.P.L.R. § 5004.  (*See* Candido Decl. ¶ 8.)

29.    UG also should be awarded its reasonable legal fees in connection with this Petition.  (*See* Candido Decl. ¶ 9.)  Upon confirmation of an arbitration award, New York courts have discretion to award additional reasonable legal fees incurred in commencing the special proceeding to confirm the award.  *See D & W Cent. Station Fire Alarm Co. v. United Properties*

*Corp.*, 34 Misc. 3d 85, 87, 940 N.Y.S.2d 779, 781 (App. Term 2012); *National Safeway Alert Sys., Inc. v. Pelham 7–11 LL*C, 30 Misc. 3d 142(A), 924 N.Y.S.2d 310 (App. Term 2011); *United Burglar Alarm, Inc. v. Teodorovich*, 30 Misc. 3d 142(A), 924 N.Y.S.2d 312 (App. Term 2011).

WHEREFORE, Petitioner respectfully requests that this Court enter an order and judgment (i) recognizing and confirming the Final Award; (ii) entering judgment in favor of Petitioner and against Respondent in the amount of $5,945,662.71 plus €115,000.00 (such latter amount in Euros to be calculated in U.S. dollars, converted from Euros, on the date of judgment); (iii) awarding post-award interest as provided by law; (iv) awarding Petitioner attorneys' fees and other expenses incurred in connection with this action, and (v) awarding Petitioner such other and further relief as the Court deems just and proper.

Dated:  August 30, 2023
New York, New York

Respectfully submitted,

 */s/ Anthony M. Candido*
Anthony M. Candido
Gege Wang Weinberg
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY 10019
Telephone: (212) 878-8000
Facsimile: (212) 878-8375

*Attorney for Petitioner*
*Urangesellschaft mbH*