UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

URANGESELLSCHAFT MBH,

                              Petitioner,

          v.

NYNCO TRADING LTD,

                              Respondent.

23 Civ. 7713 (DEH)

**OPINION AND ORDER**

DALE E. HO, United States District Judge:

Petitioner Urangesellschaft MBH petitions to confirm a February 1, 2021, arbitration award rendered in its favor.  Pet. to Confirm Arbitration Award ("Petition"), ECF No. 1.  Respondent Nynco Trading LTD ("Nynco") does not oppose the motion.  For the reasons set forth below, Petitioner's motion to confirm the arbitration decision is **GRANTED**.

## BACKGROUND

On or about September 5, 2017, Urangesellschaft MBH filed a Request for Arbitration with the Secretariat of the International Court of Arbitration of the International Chamber of Commerce ("ICC") against Nynco.  *See* Final Award in the Arbitration between Urangesellschaft GmbH (Germany) and Nynco Trading LTD. (U.S.A), ICC No. 23069/GR ("Final Award") ¶ 12, ECF No. 5-1.  On or about December 4, 2017, Nynco filed its Answer.  *Id.* ¶ 25.  The parties informed the ICC Secretariat that they had jointly nominated a Sole Arbitrator on March 1, 2018.  *Id.* ¶ 38.  Shortly thereafter, the ICC Secretary General confirmed the Sole Arbitrator on March 13, 2018.  *Id.* ¶ 39.  The parties engaged in discovery for about three years.  Petition ¶ 19.

There were two phases of the arbitration proceeding.  *Id.* ¶ 20.  After the first phase concluded, the Sole Arbitrator issued a Partial Award on April 18, 2019.  *Id.*  The second phase

of the arbitration proceeding concluded on December 23, 2020. *Id.* ¶ 21. The Sole Arbitrator issued the Final Award in favor of Urangesellschaft MBH on February 1, 2021. *Id.* The Final Award orders Nynco to pay Urangesellschaft MBH a total of $5,945,662.71, plus €115,000.00 (to be calculated in U.S. dollars, converted from Euros, on the date of judgment), reflecting the following awards:

(a) $3,556,862.48 for outstanding payment owed by Nynco;

(b) $537,847.91 as pre-award interest at the rate of 3.3289% per annum for the period from July 19, 2016, to the date of the Final Award;

(c) $1,793,872.32 for the damages suffered by Urangesellschaft MBH due to Nynco's nonperformance; and

(d) $57,080 as the reimbursement of Urangesellschaft MBH's arbitration costs; and

(e) €115,000.00 for the legal fees and expenses incurred by Urangesellschaft MBH.

*See* Final Award ¶ 414.

On August 30, 2023, Petitioner filed a Petition to Confirm Arbitration, which resulted from the arbitration in Lausanne, Switzerland, administered by the UCC under ICC rules and laws of Switzerland. Petition ¶ 1. On October 12, 2023, this case was reassigned to the undersigned. ECF No. 13. On October 27, 2023, the Court set a briefing schedule for Petitioner's submission of any additional materials in support of the Petition, Nynco's opposition, and Petitioner's reply. ECF No. 18. Petitioner served Nynco with the Petition, supporting materials, and the briefing schedule. ECF No. 19. Pursuant to the briefing schedule, Nynco's opposition was due no later than December 4, 2023. ECF No. 18. To date, Nynco has neither moved for vacatur nor otherwise sought relief from the Award.

## LEGAL STANDARDS

Confirmation of an arbitration proceeding is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 809 (2d Cir. 2022).[1]  "The review of arbitration awards is very limited in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Beijing Shougang Mining Inv. Co., Ltd. v. Mongolia*, 11 F.4th 144, 160 (2d Cir. 2021).  "Arbitration panel determinations are generally accorded great deference under the Federal Arbitration Act [("FAA")]." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013) (describing a district court's role as "narrowly limited").

"Because the FAA establishes a strong presumption in favor of enforcing an arbitration award, . . . an award is presumed valid unless proved otherwise." *Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co.*, 57 F.4th 372, 382 (2d Cir. 2023).  Even if the Court disagrees with the arbitrator's findings on the merits, it should confirm the arbitration award so long as there is a "barely colorable justification for the outcome reached." *Id.* at 383.  Conversely, an unopposed petition to confirm an arbitration award must fail "where the undisputed facts fail to show that [a movant] is entitled to judgment as a matter of law." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006).

"The FAA provides a streamlined process for a party seeking a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it." *Seneca Nation of Indians v. New York*, 988 F.3d 618, 625 (2d Cir. 2021).  Under this process, the Court

---

[1] In all quotations from cases, internal quotation marks, brackets, citations, ellipses, footnotes, and emphases are omitted unless otherwise indicated.

must confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11." 9 U.S.C. § 9.  Section 10(a) of the FAA sets forth the narrow grounds for vacating an arbitration award.  *See id.* § 10(a)(1)-(4).

## DISCUSSION

Petitioner brings suit under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), 9 U.S.C. § 207, as applied through the FAA.  9 U.S.C. §§ 201-208.  Nynco does not move for vacatur.

After reviewing the petition and the supporting materials, the Court finds that there is no genuine issue of material fact precluding summary judgment as to all portions of the Award, as the Arbitrator's decision provides more than "a barely colorable justification for the outcome reached."  *Smarter Tools Inc.*, 57 F.4th at 382.  Nor is there any justification under Section 10(a) of the FAA for vacating the Award.

The Court also awards Petitioner's requested attorney's fees and costs.  Petition ¶ 29; *see Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) ("[W]hen a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded").  Here, Petitioner has met its burden of proving the reasonableness and necessity of hours spent, rates charged, and litigation costs incurred.

Finally, the Court grants Petitioner's request for pre-judgment interest at a rate of nine percent.  *See Herrenknecht Corp. v. Best Rd. Boring*, No. 06 Civ. 5106, 2007 WL 1149122, at *3 (S.D.N.Y. Apr. 16, 2007) ("The common practice among courts within the Second Circuit is to grant interest at a rate of nine percent, the rate of pre-judgment interest under New York State law."); *Waterside Ocean Navigation Co. v. Int'l Navigation Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984) (adopting a "presumption in favor of pre-judgment interest").

**CONCLUSION**

For the reasons given above, the Court grants Petitioner's unopposed petition to confirm the entire Award.  Petitioner is directed to file their Proposed Judgment electronically, using the ECF Filing Event "Proposed Judgment," by no later than **April 12, 2024**.

SO ORDERED.

Dated: April 4, 2024
       New York, New York

_____
                    DALE E. HO
              United States District Judge